The State of Ohio, Appellant, *v.* Greer, Appellee.
The State of Ohio, Appellant, *v.* Huston, Appellee.
The State of Ohio, Appellant, *v.* Houston, Appellee.

(Nos. 80-658, 80-659 and 80-660—Decided May 13, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer* and *Mr. F. David Albanese,* for appellant.
*Mr. Eugene D. Smith,* for appellees Greer and Houston.
*Mr. William C. Erbecker,* for appellee Huston.

HOLMES, J.

## I.

In holding that the admission of the testimony of the other instances of bribery or payoffs of the defendants Greer and Houston was prejudicial error, the Court of Appeals held that "other acts" testimony, as allowed by R. C. 2945.59, could not be permitted in the instant cause since the evidence of other

acts of these defendants was not a material issue at trial. The holding of the Court of Appeals, as set forth in the decision of that court, was specifically as follows:

"Defendants Greer and S. Houston were charged with knowingly soliciting or accepting money from Audrey Matz, doing business as Mann's Lounge, to corrupt or influence them in the discharge of their duties as state liquor agents. H. Huston was charged with complicity therein. The defense was simply: 'We neither solicited nor accepted any money from Audrey Matz.' There was no question that Greer and Houston were state liquor agents; that their duties included the supervision of Mann's Lounge; and that the payment of money by a bar owner to a state liquor agent could have but one purpose, barring some defense not asserted here, namely, to corrupt or influence him in the discharge of his duty. The only material issue in the case was: Did the defendants take money or not? Neither motive nor intent, nor the absence of mistake or accident was a material issue. As we said in * * * [*State* v. *Snowden* (1976), 49 Ohio App. 2d 7] : only where the defendant specifically places his particularized intent to commit the charged crime into issue either by directly denying such intent or by asserting accident or mistake, is it material (and therefore admissible) to introduce otherwise relevant evidence of other acts of a similar nature as probative of this issue.

"For this reason the testimony of James Perkins, manager of the Elks Club, that he had made payments to H. Huston 'for our protection,' that of George Frost, bartender of the Elks, that he had paid H. Huston to 'keep the law off me,' and that of Leonard Walker that he had paid Greer to keep him from raiding his 'bootleg joint,' as well as the irrelevant testimony of the three other witnesses, was not material to the issue and therefore was inadmissible."

The base from which we discuss this issue is the pertinent statute regarding "proof of motive," or the similar acts statute, R. C. 2945.59, which reads:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his

part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

The basic premise of the state in presenting the testimony of the various tavern owners and operators relating to the prior alleged bribes and payments to defendants Greer and Houston was to show the intent and motive of these defendants in soliciting the money from Matz. The Court of Appeals reversed, holding the testimony inadmissible on the theory that intent was not an issue at trial. The court reasoned that since the defendants denied receiving any money at all, the issue was singularly whether they did receive the money.

We must disagree with the Court of Appeals in this regard, since in a trial of a bribery charge, the proof that money or other consideration changed hands does not *per se* prove the intent of the defendant, and there remains the requirement of further evidence on the element of the reason or intent of the transfer and receipt of any monies. Admittedly, the exchange of funds from a liquor licensee to a liquor agent could well establish an inference that such exchange of funds was one involving unlawful motivation and circumstance. However, the standard of proof in this criminal matter remains proof beyond a reasonable doubt, and it is not contrary to law that the state be allowed to present additional evidence of other acts pursuant to R. C. 2945.59 to substantiate the motive, intent, or plan of the accused liquor agents in order to support the charge of bribery. Therefore, we must reverse the Court of Appeals as to this issue.

## II.

The second, and perhaps more difficult, issue presented here is whether the trial court erred in not permitting defense counsel, after a showing of "particularized need" therefor, to examine the complete transcript of the testimony of the state's rebuttal witness given in the hearing before the grand jury in order to determine any inconsistencies with the witness' testimony at trial. We hold that the trial court was in part procedurally correct, but erred in one significant respect as set forth hereinafter.

There has been a significant evolutionary broadening of the law, particularly at the federal level, in regard to the mandatory as well as the discretionary use of grand jury testimony by the criminal defendant for discovery purposes. However, such abrogation or erosion of the confidentiality or secrecy of the minutes of the grand jury proceedings has been a much slower and more limited one within our state's case law and rules.

The federal practice, evidenced by case law, Congressional acts and procedural rules, does indeed, as pointed out in the Court of Appeals' opinion below, show a significant pattern of enlarging the right of discovery of grand jury proceedings. In the early case of *United States* v. *Socony-Vacuum Oil Co.* (1940), 310 U. S. 150, the Supreme Court of the United States recognized that there could be a use by defendant of the grand jury transcript during trial at the discretion of the trial court. The court stated, at page 234, that "disclosure is wholly proper where the ends of justice require it."

In 1946, Fed. R. Crim. P. 6(e) was promulgated by the United States Supreme Court, which rule provided that the grand jury minutes would generally be secret, but could be disclosed "***when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." This is the same wording embodied within Ohio Crim. R. 6(E) as promulgated in 1973.*

---

* "(E) Secrecy of proceedings and disclosure. Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No grand juror, officer of the court, or other person shall disclose that an indictment has been found against a person before such indictment is filed and the case docketed. The court may direct that an indictment shall be kept secret until the defendant is in custody or has been released pursuant to Rule 46. In

In *United States* v. *Procter & Gamble Co.* (1958), 356 U. S. 677, the United States Supreme Court, in introducing the doctrine of "particularized need," stated that there are instances when the trial court may in the exercise of its discretion release the grand jury transcript when the need is shown, and that to "impeach a witness, to refresh his recollection, to test his credibility and the like * * * are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly." *Id.* at 683.

In *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 U. S. 395, the court held that any disclosure of grand jury minutes was covered by Fed. R. Crim. P. 6(e) which is declaratory of the pre-existing rule recognizing the basic secrecy of grand jury minutes and that disclosure is not a right of the defendant but is committed to the discretion of the trial court, citing *United States* v. *Procter & Gamble, supra.* The court, in *Pittsburgh Plate Glass,* also stated that grand jury proceedings and the minutes thereof were not encompassed within the prior decision of the court in *Jencks* v. *United States* (1957), 353 U. S. 657, wherein the court held that the defendant had a right to inspect and to use in his defense reports made to the FBI by government informants touching upon events and activities as to which the informants had testified at trial.

The court also stated in *Pittsburgh Plate Glass* that it was clear that Congress intended to exclude grand jury minutes from the operation of the so-called Jencks Act, Section 3500, Title 18, U. S. Code, which followed the court's decision in *Jencks* v. *United States, supra.* The Congressional Act directed federal courts on the motion of the defendant to order the government, after a witness had testified, to deliver to the defendant for his examination and use any prior statement of the witness relating to the subject matter as to which he testified.

The court, in *Pittsburgh Plate Glass,* concluded that a trial court did not err in refusing to make grand jury testimony of a

---

that event the clerk shall seal the indictment, the indictment shall not be docketed by name until after the apprehension of the accused, and no person shall disclose the finding of the indictment except when necessary for the issuance of a warrant or summons. No obligation of secrecy may be imposed upon any person except in accordance with this rule."

government witness available to the defendant for use in cross-examination where the defense failed to show any "particularized need" for the testimony other than that the grand jury testimony generally involved matters covered at trial.

In *Dennis* v. *United States* (1966), 384 U. S. 855, the court held that where there is a showing of "particularized need" for disclosure, the policy to be followed by federal court judges should be to produce for the defendant all of the witnesses' grand jury testimony, rather than the trial judge reviewing such testimony to find any inconsistencies. It should be noted that the opinion in *Dennis* was not one pronouncing a constitutional issue, but was a determination of the procedure to be followed by federal courts where a "particularized need" is found for the production of grand jury minutes. Such a rule was not mandated upon state courts.

In 1970, the federal cycle in this regard was completed when the Jencks Act was amended so that grand jury testimony was to be treated as any other statement and was to be made available to the defendant upon discovery principles. Section 3500(e)(3), Title 18, U. S. Code.

In Ohio, the long-standing tradition of grand jury secrecy is well pronounced in case law. See *State* v. *Rhoads* (1910), 81 Ohio St. 397. However, the Court of Appeals here concluded that the defendant's right to the inspection of the grand jury transcript should be premised upon this court's later case law as enunciated in *State* v. *White* (1968), 15 Ohio St. 2d 146. Also, the Court of Appeals adopted the position that Crim. R. 16(B)(1)(g) would mandate that the trial court make the transcript of the grand jury testimony available to the defendant upon request therefor.

We agree with the conclusion of the Court of Appeals that the defendant should have been provided the transcript of the testimony of the state's witness, but arrive at such conclusion via another route than they. In *White,* this court held, in paragraph three of the syllabus, that:

"Where the state's principal witness admits in open court that her testimony is inconsistent with some or all of her prior statements to the police***the trial court must grant a request by defense counsel to inspect the statements.***"

In paragraph four of the syllabus in *White,* this court held that:

"In a criminal case, the defendant has a right to an *in camera* inspection by the trial court, with counsel for the state and the defendant, to determine the existence of inconsistencies between the testimony of the prosecution's witnesses and their prior statements."

Our holding in *White* was clarified in *State* v. *Laskey* (1970), 21 Ohio St. 2d 187. In *Laskey,* the trial court, relying on *State* v. *Rhoads, supra,* overruled the defendant's motion for pre-trial discovery of the grand jury transcript. In affirming the trial court, this court stated:

"The rule announced in the fourth and fifth paragraphs of the syllabus of *White* is not applicable to appellant's pre-trial motion for production of the grand jury transcript. The *White* rule contemplates a limited investigation for the purpose of determining whether inconsistencies exist between a witness' prior statements and his testimony at trial.* * *"

The court proceeded to suggest that such a pre-trial motion for grand jury testimony might be granted in certain instances by stating that:

"* * * Generally, proceedings before a grand jury are secret and an accused is not entitled to inspect grand jury minutes before trial for the purpose of preparation or for purposes of discovery in general. This rule is relaxed only when the ends of justice require it, such as when the defense shows that a particularized need exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 U. S. 395, 400* * *."

The next major case involving a discussion of what right a defendant may have to review the transcript of grand jury testimony was *State* v. *Patterson* (1971), 28 Ohio St. 2d 181. In that case, there appeared to be a minor inconsistency between the trial testimony of the state's witness and her prior deposition. Defense counsel moved the trial court for a production of the witness' grand jury testimony in order to determine the existence of any further inconsistencies. The trial court refused such request by the defendant. The Court of Appeals affirmed the trial court. This court, in affirming the Court of Ap-

peals, stated that a defendant had a right of discovery of the prior statement of a state's witness to the police, but did not have a right of discovery of grand jury minutes. Accordingly, in paragraph three of the syllabus, the court adopted the "particularized need" test as previously alluded to in *Laskey,* as follows:

"Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. (See *State* v. *Laskey,* 21 Ohio St. 2d 187, 191.)"

It is important to note that the court, in this syllabus, referred to the inspection of grand jury transcripts either before or during trial. In the recent case of *Petition for Disclosure of Evidence* (1980), 63 Ohio St. 2d 212, this court again referred to the particularized need test in the allowance of grand jury testimony to be used in a civil trial, upon the satisfactory showing to the trial court that the petitioner's or movant's need for the information outweighs the need to maintain the secrecy of grand jury proceedings.

It may be seen from the above Ohio cases that this state has indeed taken a more relaxed position in relation to the disclosure of grand jury testimony, but has done so only upon the basis of the trial court exercising its discretion as to whether the particularized need for the production of such grand jury proceedings has been shown to its satisfaction. However, Ohio has not, by case law, adopted the rule embodied within the Jencks Act to the effect that grand jury proceedings must be made available to a defendant upon discovery proceedings.

As stated, the Court of Appeals found that the right of an *in camera* inspection by the defendant of a grand jury witness' testimony is also mandated by Crim. R. 16(B)(1)(g). With this position, we must disagree. This rule is as follows:

"Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of incon-

sistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.* * *"

Defendants-appellees maintain that under this rule they are entitled as of right to an *in camera* inspection and use of all of Duncan's testimony before the grand jury concerning matters testified to by him on direct examination at trial.

Appellant, on the other hand, maintains that Crim. R. 16(B)(1)(g) has no application to testimony of the witness before the grand jury; that proceedings before the grand jury are secret and are controlled entirely by Crim. R. 6(E).

The Court of Appeals, in its decision, held that there should be no distinction between the statements made to government informants, as in *Jencks, supra,* and police officers, as in *White, supra,* and the prior testimony of a witness in a grand jury proceeding. Also, the Court of Appeals stated that *Patterson, supra,* would not necessarily be controlling currently, in any event, since it was decided prior to the promulgation of the Criminal Rules and, specifically, Crim. R. 16(B)(1)(g).

We reaffirm the law as pronounced in *White* and *Patterson,* and hold that Crim. R. 16(B)(1)(g) is not applicable to motions by a defendant for discovery of transcripts of testimony of witnesses before the grand jury. The promulgation of this Criminal Rule relating to the right of a defendant to be afforded an *in camera* inspection of prior statements of witnesses reflects the prior law and practice of Ohio in this regard. The reference in Crim. R. 16 to the inspection of the witness' written or recorded statement does not refer to grand jury testimony. The distinction within the rule between the prior statements that may have been made by a witness, either in written or recorded form, and prior testimony given before a grand jury panel, is apparent from reading Crim. R. 16 in its totality. It is significant that Crim. R. 16(B)(3) deals specifically with grand jury testimony and provides that:

"The discovery or inspection of recorded proceedings of a grand jury shall be governed by Rule 6(E) and subsection (B)(1)(a) of this rule."

Upon a review of these sections it is seen that one provides for the limited mandatory inspection of the grand jury testimony of the defendant or co-defendant, and the other provides for a discretionary review of the minutes.

Crim. R. 16(B)(1)(a) reads as follows:

"Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"* * *

"(iii) Recorded testimony of the defendant or co-defendant before a grand jury."

Crim. R. 6(E), on the other hand, provides that matters before the grand jury may be disclosed "only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * *"

The Ohio Criminal Rules became effective in 1973, three years after the amendment of the Jencks Act. The Criminal Rules at issue here, Crim. R. 6(E) and 16, do not provide that grand jury testimony (other than that of the defendant and co-defendant) be treated as any other statement. A reasonable conclusion may be drawn from this sequence, *i.e.,* that the Ohio rules did not intend that the grand jury minutes be treated as any other statement for purposes of mandatory discovery by the defendant.

Coming now to the application of the appropriate rule here, we hold that Crim. R. 6(E) would require the trial court, upon proper motion, to consider the basis of the particularized need advanced by the defendant. This may be accomplished by an *in camera* inspection of the grand jury minutes by the trial court assisted by counsel. Next, we conclude that there is soundness in the procedure to be followed by the trial court as set forth in *Dennis, supra,* to the effect that once the particularized need for the grand jury material is shown, the necessity of preserving grand jury secrecy is lessened, largely because the witness,

in testifying at trial, has given up any anonymity he might have had and has made public the events which are the subject of the grand jury testimony being sought. Under such circumstances, when there is a balancing of the often minimal need to preserve secrecy against the need for the defendant to review certain portions of the grand jury testimony, we conclude that all relevant portions of the transcript should be produced, with the trial court deleting extraneous matters, and issuing protective orders where necessary.

Here, counsel for the defendant apparently established the particularized need for the grand jury testimony of the state's witness to be used for impeachment purposes. Once such need was established to the satisfaction of the trial court, all of the pertinent grand jury testimony of this witness should have been given to the defendant. Concluding, we affirm the Court of Appeals as to this issue.

Based upon all the foregoing, we reverse in part and affirm in part the judgments of the Court of Appeals for Hamilton County.

*Judgments reversed in part*
*and affirmed in part.*

W. BROWN, P. BROWN, SWEENEY, LOCHER and C. BROWN, concur.

CELEBREZZE, C. J., concurs in the judgment.