THE STATE OF OHIO *v.* TENBROOK.

(Nos. CR-220414 and -220051—
Decided November 2, 1987.)

Court of Common Pleas of
Cuyahoga County.

*John T. Corrigan,* prosecuting attorney, and *Lindsay Jerry,* for plaintiff.

*Jeffrey F. Kelleher,* for defendant.

JAMES J. McMONAGLE, J. The defendant has requested this court for an order permitting inspection and examination of the grand jury transcripts of the proceedings that resulted in his indictment in each of the above-captioned cases. The prosecutor has objected and has asked this court to uphold the secrecy of the grand jury proceedings and further claims that the defense is merely conducting an unwarranted search for discovery purposes.

Cuyahoga County Common Pleas Court Local Rule 31,[1] requiring a record of grand jury proceedings, was

---

[1] Rule 31 states:

"(A)(1) All proceedings of the Grand Jury including all testimony and evidence offered to the Grand Jury, comments of the Prosecuting Attorney, and instructions of the Court and Prosecuting Attorney except as otherwise provided herein, shall be recorded verbatim, by shorthand or stenotype by the official Cuyahoga County Court Reporter, or a member of his staff.

"(2) Except as otherwise provided by law and Section (3) of this rule, all Grand Jury proceedings shall remain secret, and

implemented on September 8, 1987. Case No. CR-220414 was presented before that date, and since there is not an existing record of grand jury proceedings in that case, this motion is denied and this decision will only consider the matter of the request as it applies to case No. CR-220051.

This motion is novel in Cuyahoga County because of the tradition of not usually recording grand jury testimony, and because this type of motion will undoubtedly be filed in all criminal cases in the future; therefore, a short discussion of the history, traditions and procedures surrounding this issue will prove beneficial to the bench and bar.

The sanctity and secrecy of grand jury proceedings have historically been jealously guarded by the Ohio courts. *State* v. *Rhoads* (1910), 81 Ohio St. 397, 423, 91 N.E. 186, 191-192. The prohibition against the discovery of grand jury deliberations and grand jurors' votes remains absolute, while the rule preventing discovery of witnesses' testimony before a grand jury has been relaxed in recent years. This relaxation in attitude is due to the erosion of the basic rationale.

At one time, five major policy reasons existed for maintaining the secrecy of grand jury proceedings:

(1) to protect an accused, who is later exonerated, from public exposure;

(2) to deter escape;

(3) to insure that grand jury deliberations are free from outside influence;

(4) to protect grand jury witnesses who may later appear at trial; and

(5) to encourage free and open discussion by grand jury witnesses. Comment, *Jones v. State* — Defendants Gain Access to Grand Jury Testimony (1984), 43 Md. L. Rev. 612; *Petition for Disclosure of Evidence* (1980), 63 Ohio St. 2d 212, 17 O.O. 3d 131, 407 N.E. 2d 513.

These reasons are no longer persuasive or compelling, particularly once a trial has commenced. First, once there is a public trial, a defendant can no longer be sheltered from public scrutiny. Second, liberalized bail procedures and speedy trial statutes minimize the number of prisoners held in pretrial detention. Third, grand jurors, working in secret, complete their task once an indictment is returned and they are, therefore, no longer susceptible to influence. Fourth, a defendant's right of discovering the names of his accusers is overriding; however, the prosecutor still can protect the names of endangered witnesses pursuant to Crim. R. 16(B)(1)(e). Lastly, most grand jury witnesses anticipate they will be called at trial. Keeping their testimony secret will not have a significant impact on their candor. See Comment, *supra,* at 622-623.

Ohio now recognizes an exception to the grand jury secrecy requirement, to wit: upon a demonstration of a "particularized need," a requesting party is entitled to an *in-camera* disclosure of relevant grand jury testimony. "Particularized need" generally is stated in terms that a defendant needs grand jury transcripts for the various purposes of cross-examination, *i.e.,* impeachment, refreshing recollection, testing credibility, etc.

---

the notes of the official Cuyahoga County Court Reporter shall remain in the sole possession and custody of the official Court Reporter unless and until otherwise ordered by a court of competent jurisdiction.

"(3) The Cuyahoga County Prosecutor may obtain transcripts of Grand Jury proceedings from the official Cuyahoga County Court Reporter at any time, without court order, for use as otherwise provided by law.

"(4) The deliberations of the Grand Jury shall remain secret and shall not be recorded." (Effective September 8, 1987 for one year.)

The leading Ohio case in this area is *State* v. *Greer* (1981), 66 Ohio St. 2d 139, 20 O.O. 3d 157, 420 N.E. 2d 982, which recognizes and adopts the "particularized need" doctrine as promulgated by the Supreme Court in *United States* v. *Procter & Gamble Co.* (1958), 356 U.S. 677. *Greer, supra,* defined Ohio's law regarding the accused's right to inspect grand jury transcripts, even though this concept was mentioned in passing in *State* v. *Laskey* (1970), 21 Ohio St. 2d 187, 191, 50 O.O. 2d 432, 434, 257 N.E. 2d 65, 68. This concept has been uniformly reaffirmed. See *State* v. *Sellards* (1985), 17 Ohio St. 3d 169, 173, 17 OBR 410, 413, 478 N.E. 2d 781, 785; *State* v. *Cooper* (1977), 52 Ohio St. 2d 163, 174, 6 O.O. 3d 377, 383, 370 N.E. 2d 725, 733; *State* v. *Morris* (1975), 42 Ohio St. 2d 307, 326, 71 O.O. 2d 294, 305, 329 N.E. 2d 85, 97; *State* v. *Patterson* (1971), 28 Ohio St. 2d 181, 185, 57 O.O. 2d 422, 424, 277 N.E. 2d 201, 205; *State* v. *Davis* (1985), 27 Ohio App. 3d 65, 68, 27 OBR 84, 87, 499 N.E. 2d 1255, 1259; *State* v. *Muenick* (1985), 26 Ohio App. 3d 3, 5, 26 OBR 171, 173, 498 N.E. 2d 171, 174; *State* v. *Gall* (1980), 65 Ohio App. 2d 57, 63, 19 O.O. 3d 39, 43, 415 N.E. 2d 1008, 1013; and *State* v. *Roberts* (1976), 50 Ohio App. 2d 237, 242, 4 O.O. 3d 211, 213-214, 362 N.E. 2d 1003, 1007.

This doctrine of particularized need is equally applicable to civil proceedings; however, the authority to determine the existence of the requisite need resides with the judge who has control of the grand jury and not the judge who may be hearing a subsequent civil case in a different venue. See *Petition for Disclosure of Evidence, supra.*

Disclosure is *not* permitted for discovery purposes (Crim. R. 16[B][1][g]) and is not obtained by the use of discovery rules. Instead, disclosure of a transcript of a witness' statement, other than that of a defendant and codefendant, is governed by Crim. R. 6(E). See *Greer, supra.* Crim. R. 6(E) provides in pertinent part as follows:

"Secrecy of proceedings and disclosure. Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but *may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.* * * *" (Emphasis added.)

Before a judge may permit an accused to examine and inspect grand jury transcripts, he or she has to weigh competing interests. A defendant has to demonstrate that "a particularized need for disclosure exists which outweighs the need for secrecy." See *Greer, supra,* at paragraph two of the syllabus. The existence of "particularized need" is a fact question to be determined by the trial judge and the ultimate decision rests within the sound discretion of the court.[2] The analysis is satisfied when, from a con-

---

[2] "Judicial discretion" was defined in *Krupp* v. *Poor* (1970), 24 Ohio St. 2d 123, 53 O.O. 2d 320, 265 N.E. 2d 268, paragraph two of the syllabus, as follows: "Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, prin-

sideration of the surrounding circumstances, "it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." See *Greer, supra,* at paragraph three of the syllabus.

The term "particularized need" was originally coined by the United States Supreme Court in *United States v. Procter & Gamble Co., supra,* and the dynamics of that term have been slowly revealed in *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 U.S. 395; and *Dennis* v. *United States* (1966), 384 U.S. 855. However, its exact meaning has become muddled over the years. As Justice Traynor opined in Ground Lost and Found in Criminal Discovery (1964), 39 N.Y.U. L. Rev. 228, 230, "[n]o one seems quite certain about the particulars of particularization," but indeed, such broad language is necessary in order for this theory to be viable.

Justice William O. Douglas in *Procter & Gamble Co., supra,* at 683, subtly stated that the Supreme Court did not intend to deal with specifics in drafting the particularized need concept but that specific needs must be identified before the shroud of secrecy is lifted by a trial judge:

" * * * We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the *wholesale* discovery and production of a grand jury transcript under Rule 34. We hold that a much more particularized, more discrete showing of need is necessary to

establish 'good cause.' " (Emphasis *sic* and footnote deleted.)

Ohio courts have been given specific criteria to use in determining whether or not to preserve the secrecy of the grand jury proceedings:

" '(1) To prevent the escape of those whose indictment may be contemplated;

" '(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;

" '(3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it;

" '(4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes;

" '(5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' " *Petition for Disclosure of Evidence, supra,* at 219, 17 O.O. 3d at 135, 407 N.E. 2d at 518-519, citing with approval *United States* v. *Rose* (C.A. 3, 1954), 215 F. 2d 617, 628-629.

If a court does determine that there has been a showing of particularized need for disclosure which outweighs the need for secrecy, and in consideration of the fact that Crim. R. 6(E) is not a discovery tool, the appropriate procedure is an *in-camera* inspection by the court with defense counsel participating. *Greer, supra,* at paragraph four of the syllabus.

The practical applications of the particularized need concept do create pragmatic problems for both the trial bench and bar. How does a defendant's

---

ciples and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case."

attorney formulate a particularized need for information contained in a grand jury transcript when the contents of that transcript are unknown? The federal courts are guided by the Jencks Act, Section 3500(e)(3), Title 18, U.S. Code, which simply permits examination of grand jury transcripts after a witness has testified on direct examination. This procedure has not been approved by either the Ohio General Assembly or any court in this state.

In Ohio as in almost all other state and federal jurisdictions, the most common use of grand jury transcripts is for cross-examination purposes after a witness has testified on direct examination. See Annotation (1968), 20 A.L.R. 3d 7. At a minimum, a defendant must show a material inconsistency that would deprive the defendant of a fair hearing. This proceeding is not like that authorized under Crim. R. 16 (B)(1)(g) because of the policy of keeping grand jury proceedings secret. The inconsistency can be shown by comparing a state witness' direct trial testimony and the bill of particulars; between trial testimony and the indictment; between trial testimony and a preliminary hearing; and any other reason that is not discovery-oriented. The basis for showing a "particularized need" is limited only by the defense attorney's industry and intelligence, but the decision to grant the defendant's request is solely within the province of the court.

Even if particularized need has been established to the satisfaction of the trial court, only those portions of the transcript that are relevant to the state witness' testimony at trial are to be given to the defense. *State* v. *Sellards, supra,* at 173, 17 OBR at 413, 478 N.E. 2d at 785-786. The court is empowered to issue protective orders where necessary, and has complete discretion in delineating what segments of the transcript will be given to the defense and in deleting extraneous matters. A defense counsel is guided by ethical constraints and is "bound under obligation of his oath as an attorney to erase from his mind, and never to use any information received from the *in camera* inspection," which he is not permitted to utilize in the judicial proceeding. *State* v. *White* (1968), 15 Ohio St. 2d 146, 158, 44 O.O. 2d 132, 139, 239 N.E. 2d 65, 73.

The following statement from *State, ex rel. Ronan,* v. *Superior Court for County of Maricopa* (1964), 95 Ariz. 319, 332, 390 P. 2d 109, 118, fairly and accurately gives a practical guide to Ohio's trial courts:

"A 'particularized need' which in the furtherance of justice would authorize a trial judge to make available to the defendant a transcript of testimony, must be shown by facts and circumstances which demonstrate that unless such relief is forthcoming, the defendant will, in some manner be prejudiced, or his legal rights adversely affected. * * * [T]*he defendant is not entitled to a transcript of testimony of any witness solely because he wants to find out what the witness said. To grant him such privilege is not in the 'furtherance of justice' because the public interest in preservation of secrecy outweighs the defendant's interest in discovery.*

"If the transcript is sought for discovery purposes *only,* the reason or motive for requesting it becomes immaterial. Whether the defendant can or cannot obtain the information he desires from the witness prior to trial does not alter the fact that he seeks the transcript for discovery purposes only." (Emphasis added.)

The defendant's request to examine and inspect the grand jury transcripts is not supported by any particularized need and is, therefore, denied at this juncture. Defense counsel may renew the motion at a later date if the proper foundation is laid.

*Motion denied.*