### In re Grand Jury Session
[Cite as 2 AOA 229]

Case No. CA-2726
Richland County, (5th)
Decided May 11, 1990

*Crim. R. 6(E)*

*Robert H. Whitney, 3 North Main Street, Room 304, Mansfield, Ohio 44902, For Petitioners-Appellees.*

*James J. Mayer, Jr., 38 South Park, Mansfield, Ohio 44902, For Respondent-Appellant.*

HOFFMAN, J.

Respondent-appellant herein is James J. Mayer, Jr., Richland Country Prosecutor, hereinafter referred to as appellant. Petitioners-appellees herein are Eric Bosko and Aaron Huffman, Mansfield Police Department Officers, hereinafter referred to as appellees.

The statement of the case related herein is as stated in appellant's brief and as adopted by appellees in their brief.

### STATEMENT OF THE CASE

This case arises out of a dispute between the Richland County Prosecuting Attorney and petitioners, Eric Bosko and Aaron Huffman, over whether or not a transcript of a grand jury proceeding can be disclosed to petitioners and the public.

The record reveals the following facts of the case. On October 27, 1989, the Richland County Grand Jury heard testimony and received evidence relating to the death of Anthony Dukworth. Anthony Duckworth was shot by Mansfield Police Department Officers Eric Bosko and Aaron Huffman, who were on duty and responding to any emergency call. The grand jury returned a No-bill.

On November 1, 1989, petitioners filed a Petition For Disclosure of Evidence, a copy of which is attached to the Brief as "Appendix A", in the Richland County Court of Common Pleas. A copy of said petition was served on the Richard County Prosecuting Attorney on November 1, 1989. In the petition, petitioners requested that the court order the release of the transcript of the grand jury testimony based upon the allegation that the prosecuting attorney had made available and released to a

private organization and/or news media the confidential law enforcement investigation relating to the death of Anthony Duckworth.

On November 2, 1989, the court issued a judgment entry, a copy of which is attached to the Brief as "Appendix B". In the judgment entry, the court found that the petition was well-taken and ordered that all the evidence of the October 27, 1989 session of the grand jury be made available to the public. The court based the order on its finding that the prosecuting attorney improperly released the confidential investigation into the death of Anthony Duckworth prior to the meeting of the grand jury. The court noted that the because "bits" and "pieces" of the evidence were revealed to the public, it was only fitting and proper that all the evidence be made available to the public. The judgment entry was filed prior to the prosecuting attorney having an opportunity to timely serve an answer to the petition. The court neither held a hearing on the petition nor made an in camera examination of the grand jury transcript in the presence of counsel for the petitioners and the prosecuting attorney prior to ordering its disclosure.

On November 8, 1989, the Richland County Prosecuting Attorney filed a Notice of Appeal, a Precipe directing the Clerk of Courts to file a complete certified transcript of the record and docket entries on the journal, together with all the original papers in the above-titled case, and a Motion to Suspend The Execution of The Judgment Entry made by the Richland County Common Pleas Court on November 2, 1989. The prosecuting attorney filed with the Court of Appeals a Memorandum In Support of the Stay Order, and the Stay Order was granted by Judges Putman and Hoffman of the Fifth District Court of Appeals on November 13, 1989.

This appeal is brought to determine if the common pleas court committed prejudicial error in ordering the release to the public of all evidence presented to the grand jury (1) without any demonstration by petitioners of a particularized need for disclosure to prevent their legal rights from being prejudiced, (2) without holding an in camera examination of the grand jury transcript with defense counsel and the prosecuting attorney present, and (3) without affording the prosecuting attorney an opportunity to file an answer to the petition or be heard at an evidentiary hearing on the petition.

(Appellant's brief, pp. 2-4; Appellees' brief, p. 1.)

Appellant raises the following assignments of error:

I. THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR IN ORDERING THE DISCLOSURE OF THE GRAND JURY TRANSCRIPT ON THE GROUNDS THAT PETITIONERS DID NOT SHOW A PARTICULARIZED NEED FOR DISCLOSURE WHICH OUTWEIGHED THE NEED FOR SECRECY.

II. THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR IN ORDERING THE DISCLOSURE OF THE GRAND JURY TRANSCRIPT ON THE GROUNDS THAT PETITIONERS DID NOT SHOW THAT THE FAILURE TO DISCLOSE WOULD PREJUDICE OR ADVERSELY AFFECT THEIR LEGAL RIGHTS.

III. THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR BECAUSE IT DID NOT HOLD AN IN CAMERA EXAMINATION OF THE GRAND JURY TRANSCRIPT WITH DEFENSE COUNSEL AND COUNSEL FOR THE STATE, AND BECAUSE IT ORDERED THAT ALL EVIDENCE PRESENTED TO THE GRAND JURY BE MADE AVAILABLE TO THE PUBLIC.

IV. THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE PROSECUTING ATTORNEY IMPROPERLY RELEASED THE CONFIDENTIAL INVESTIGATION INTO THE DEATH OF ANTHONY DUCKWORTH WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE PETITION.

V. THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE PETITION FOR DISCLOSURE OF GRAND JURY EVIDENCE BEFORE THE PROSECUTING ATTORNEY COULD TIMELY FILE HIS ANSWER TO THE PETITION.

A copy of the trial court's judgment entry (11/2/89) is attached to this memorandum-opinion and made a part hereof.

For the reason that all five assignments of error may be considered as either plain error or as an abuse of discretion upon the part of the court, we shall consider them together.

I, II, III,
IV, & V

Crim. R. 6(E) governs disclosure by the court of grand jury proceedings. It provides in pertinent part as follows:

"Secrecy of proceedings and disclosure. Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand jury, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of the grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matter occurring before the grand jury...."

Generally, grand jury proceedings are secret, and requesting party is not entitled to inspect grand jury transcripts before trial for the purpose of preparation or for the purposes of discovery in general. *State v. Rhoads* (1910), 81 Ohio St. 397.

However by virtue of Crim. R. 6(E), the trial court may order the disclosure of grand jury testimony at the request of the accused-defendant who has been indicted by the grand jury upon a showing of a "particularized need" for the disclosure exists which outweighs the need for secrecy. *State v. Greer* (1981), 66 Ohio St. 2d 139.

In the case *sub judice,* it is abundantly clear that the appellees, who petitioned the court for the order of disclosure, are not accused-defendants nor have they been indicted by said grand jury. The grand jury returned a no bill.

Further, for *arguendo* purposes, even had the appellees herein been defendants under indictment by the grand jury, appellees have made no showing that a "particularized need" for disclosure exists which outweighs the need for secrecy (*State v. Greer, supra*).

For the above reasons, we sustain appellant's assignments of error and reverse the judgment of the Richland County Court of Common Pleas.

*Judgment reversed.*

GWIN, J. Concurs.
MILLIGAN, P.J. Concurs separately.

MILLIGAN, J., Concurring:
Although I concur wholeheartedly in the logic and rationale of the substantive ruling on the prosecutor's appeal, I write separately to indicate a threshold consideration, under circumstances where, I believe, it is a matter of first impression.

In a juridical sense, there is no pending case or controversy.

No complaint has been filed within the meaning of Civ. R. 3(A). The Rules of Civil Procedure were not followed. No adverse party is identified. No answer was filed, nor was opportunity therefor extended. The order was *ex parte.* The clerk can file no transcript because the matter is not entered in the appearance docket.

No case was docketed with the Clerk of the Court of Common Pleas. The "judgment" from which this appeal was prosecuted was filed in the Miscellaneous Docket of the Clerk of Courts, along with other administrative orders such as salary determinations and designation of appointees to serve on the grand jury.

It strikes me that the action taken by the trial court is more in the nature of an administrative determination. Superintendency of the courts is invested by the modern court's amendment within the sole jurisdiction of the Ohio Supreme Court. The Court of Appeals has no supervisory authority over the trial courts. Ohio Constitution, Article IV, Sec. 5.