**The STATE of Ohio, Appellant,**

v.

**SUSKIND, Appellee.**

[Cite as *State v. Suskind* (1992), 78 Ohio App.3d 525.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910484.

Decided March 4, 1992.

*Arthur M. Ney, Jr.*, Prosecuting Attorney, and *Christian J. Schaefer*, for appellant.

*Bruce B. Whitman*, for appellee.

*Per Curiam.*

The appeal is taken from the order of the court journalized June 10, 1991, mandating that the state provide the defendant-appellee with the transcript of the testimony given the grand jury, which preceded the return of the indictment in this case.

The single assignment of error is:

"The trial court erred to the prejudice of appellant in granting the motion for reconsideration and ordering the appellant to provide a copy of the grand jury transcript to defendant-appellee."

Although the procedural history of the case is to some degree convoluted, the parties do not disagree as to its posture here.

On January 17, 1991, the Hamilton County, Ohio Grand Jury issued an indictment charging the defendant with telephone harassment with a specification. The defendant entered pleas of not guilty and not guilty by reason of insanity.

On February 26, 1991, the defendant filed a motion to inspect the grand jury transcript. A memorandum in opposition was filed by the prosecutor on April 1, 1991. The defendant filed a supplemental memorandum to his motion to inspect on April 8, 1991. On April 18, 1991, a memorandum of decision was filed, and an order denying the defendant's motion to inspect was entered on April 24, 1991. On June 3, 1991, the state filed a "Motion to Amend Error in Indictment by Interlineation." The defendant filed a memorandum contra to that motion and a motion for reconsideration on June 7, 1991. After a hearing in open court on June 19, 1991, the trial court entered an order granting the defendant's motion for reconsideration and compelling disclosure of the grand jury transcript to defense counsel.

In a colloquy with the court during the hearing on June 19, 1991, one which centered upon the amendment of the indictment with respect only to the specification therein,[1] the following exchange occurred, with the first speaker being counsel for the accused:

"So, it seems to me that what Mr. Leon [the prosecutor] has just told us does, in fact, show that this is not a typographical error of any kind. This is a significant irregularity in the Grand Jury proceedings, which throws some

---

1. The gist of the motion is reflected in this part of the prosecutor's argument:

   "Judge, we're requesting that the specification date on the assault, only in the indictment, be amended to read the case number 81CRB5450, on the 19th day of May, 1981, as that date reference in the spec is purely a typo, so to speak, when it refers to the date of that specification."

doubt on the validity of this indictment, it seems to me. This is not a—just a typographical error. This is a very important error here.

"MR. LEON: Again, Judge, it's all meaningless. If he wants the last page of the Grand Jury that set out both—

"THE COURT: Well, Mr. Prosecutor, you're [*sic*] generosity overwhelms me. Now that you have been kind enough to reveal one page of the Grand Jury testimony for the record, you've waived the privilege that was provided to the State, and the Court is now going to reverse its previous ruling, and grant the request of the defendant to review the proceedings of the Grand Jury with reference to the evidence presented."

The election by the court to rely upon a self-conceived theory of waiver brings us up squarely against the consequence in law of an antecedent ruling by the court set forth in its entry on April 24, 1991, denying the defendant's motion to review the transcript of testimony before the grand jury.

On April 18, 1991, the court filed its memorandum of decision, from which sprang the entry of April 24, 1991. The court wrote, *inter alia:*

"This motion is addressed to a request to review the grand jury testimony of witnesses prior to trial. The motion is brought under Crim.R. 6(E) and suggests that a 'particularized need' exists because the indictment, in a separately charged specification, sets out an allegation of a prior conviction of an assault, R.C. 2913.13[,] on August 7, 1990. Defendant contends that in fact an assault charge was *dismissed* on that day. It is acknowledged by defendant that he was, in fact, convicted of the offense of telephone harassment, R.C. 2917.21[,] on that day.

"Presuming for the purposes of this discussion that the defendant is correct, the question remains of how this error in the separate specification, which deals only with the enhancement of penalty, establishes the 'particularized need' as described in *State v. Greer* (1981), 66 Ohio St.3d [2d] 139 [20 O.O.3d 157, 420 N.E.2d 982], *State v. Laskey* (1970), 21 Ohio St.2d 187 [50 O.O.2d 432, 257 N.E.2d 65], and *State v. Tenbrook* (1987), 34 Ohio Misc.2d 14 [517 N.E.2d 1046], thereby warranting an exception to the historical sanctity and privacy of grand jury testimony. The court finds that no such exception is warranted in this case. This is principally because, in the body of the principal charge, the enhancement of a prior conviction which becomes an element of the crime charged, describes a conviction for telephone harassment, *not* assault. This fact lends credence to the conclusion that, as to the principal offense charged, the grand jury received evidence of the correct prior conviction, if at all, and that the incorrect offense described in the separately charged specification is either a typographical error or harmless

error inasmuch as it is not an element of the principal offense and therefore not germane to the issue of guilt or innocence."

Clearly, the court was correct in its recognition that Crim.R. 6(E) controls the resolution of the question posed by the motion of the defendant to inspect the testimony. However, Crim.R. 6(E) requires, fundamentally, the demonstration by a defendant of a particularized need for disclosure of contents of a grand jury transcript. Crim.R. 6(E) does not admit any application of a theory by which disclosure can be predicated upon waiver of some species of prosecutorial privilege.

As a result, we find the assignment of error to be well taken because the court in reconsidering its order of April 24, 1991, did not find concomitantly that there existed a particularized need for disclosure. Therefore, we are obliged to reverse the judgment of June 19, 1991, upon the authority of *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, the first two syllabus paragraphs of which are:

"1. Disclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim.R. 6(E), not by Crim.R. 16(B)(1)(g), and the release of any such testimony for use prior to or during trial is within the discretion of the trial court.

"2. Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. (Paragraph three of the syllabus in *State v. Patterson*, 28 Ohio St.2d 181 [57 O.O.2d 422], 277 N.E.2d 201, approved and followed.)"

The judgment of the Hamilton County Court of Common Pleas is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., SHANNON and DOAN, JJ., concur.