OPINION
Phillip Shackleford appeals from his conviction in the Montgomery County Common Pleas Court of two counts of rape with accompanying firearm specifications. Shackleford also appeals from the trial court's determination that he is a sexual predator and a habitual sex offender.
Shackleford was convicted after an individual testified that Shackleford anally raped him on two occasions on October 7, 1999 at gun point. The trial court determined that Shackleford was a sexual predator and a habitual sex offender after considering a H.B. 180 Screening Instrument prepared by probation officer Michael Hurt and a pre-sentence investigation report prepared by the probation department.
The presentence investigation report details appellant's prior criminal history. Shackleford's crimes as a juvenile included: carrying a concealed weapon (1984), grand theft (1985), and robbery (1985). As an adult, Shackleford has been convicted of: grand theft of a motor vehicle (1987), trafficking in drugs (1989 and 1990), attempted drug abuse (1990), theft of drugs (1990), contributing to the delinquency of a minor (1993), two counts of sexual battery (1995), and receiving stolen property (1998). (See generally, the PSI prepared in this matter). No evidence was submitted regarding Shackleford's participation in, or completion of, sex offender treatment programs during his incarceration for the sexual battery offenses.
In his first assignment of error, Shackleford contends the State failed to produce "clear and convincing evidence" that he is a sexual predator and a habitual sex offender.
The State argues that this assignment should be overruled because the trial court was aware of appellant's lengthy criminal history, including previous sexually oriented offenses, the cruelty displayed by appellant during the commission of the rapes committed against the victim, and the lack of evidence that appellant has ever participated in any sex offender treatment programs. The State argues that it cannot be said that the decision to designate appellant a sexual predator was based upon insufficient evidence but rather the evidence proved, clearly and convincingly, that Shackleford is a sexual predator.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Because Shackleford was found guilty of a sexually oriented offense, the trial court was required to conduct a hearing to determine whether he is a sexual predator, and to consider all relevant factors, listed in R.C. 2950.09(B)(2), including, but not limited to the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Michael Hurt recommended that Shackleford be designated a sexual predator by the trial court. Hurt determined that three statutory factors supported a sexual predator classification, to wit, Shackleford's prior criminal record, his severe assault of the victim at gunpoint, and his use of illegal substances that contributed to his assaultive conduct.
Hurt noted in the pre-sentence report that Shackleford was scheduled to be evaluated by psychologist Dr. Susan Perry-Dyer but Shackleford refused to be interviewed by her. The circumstances of Shackleford's prior convictions for sexual battery in 1985 were not set out in the pre-sentence report provided to the court.
The State has attached to its brief the case of State v. Champion, Jr. (August 4, 2000), Montgomery App. 18044, unreported. In that case this court affirmed the trial court's determination that Champion was a sexual predator upon evidence that Champion was convicted of attempted rape in 1987 during a time when he was abusing drugs. We examined psychological reports made in 1987 and in 1999 which reflected that Champion had difficulty preventing his impulses from leading him into anti-social behavior. (Champion assaulted his parole officer in 1994 and was returned to institutional custody).
In Champion, we noted that this court has moved away from concentrating on consideration of the statutory factors toward considering the circumstantial evidence probative of whether the defendant is likely to commit another sexual offense. We noted that while we are required to give some deference to the trial court's legal conclusion of the predator status, not much deference is necessary.
In this case, the trial court did not explain in detail its reasons for finding Shackleford a sexual predator and a habitual offender. The violent nature of the rapes in this case coupled with the defendant's prior sex offense convictions and his use of drugs convinces us clearly that Shackleford is a sexual predator.
The term "habitual sex offender" is defined as a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses. R.C. 2950.01(B). According to R.C. 2950.09(E), if a defendant is convicted of, or pleads guilty to committing, on or about January 1, 1997, a sexually oriented offense, the sentencing judge shall determine, prior to sentencing, whether the defendant previously has been convicted of, or pleaded guilty to, a sexually oriented offense. R.C.2950.09(E). If the judge determines the defendant has been previously convicted of, or pleaded guilty to, a sexually oriented offense, then the judge shall specify in the judgment of conviction that the defendant is a habitual sex offender. Id.
In the case at bar, appellant was properly labeled a habitual sex offender. Appellant was convicted on February 17, 2000 of two counts of rape in contravention of R.C. 2907.02. (Tr. 401-402). Rape is a sexually oriented offense. R.C. 2950.01(D)(1). Further, the pre-sentence investigation report, which detailed appellant's criminal history, established that he was previously convicted of two counts of sexual battery in 1995. Sexual battery, as defined by R.C. 2907.03, is also a sexually oriented offense. R.C. 2950.01(D)(1). Under those circumstances, the trial court properly determined that appellant is a habitual sex offender as required by R.C. 2950.09(E). The appellant's first assignment of error must be overruled.
Notwithstanding that we struck appellant's pro se assignment of error, we will address appellant's concerns raised therein. Shackleford contends his trial counsel was constitutionally ineffective because he failed to request a bill of particulars, failed to call Detective Thomas Lawson of the Dayton Police Department as a defense witness and failed to request an "in camera" review of the grand jury transcripts of his case after the direct examination of prosecution witnesses., Appellant does not suggest how a bill of particulars would have assisted him in his defense. The victim admitted under cross-examination that he had not told Detective Lawson all the details surrounding the rapes. He admitted that he lied to Detective Lawson about how he got away from Shackleford. (Tr. 213). The victim was cross-examined at length by Shackleford's trial counsel about his statements to Detective Lawson (Tr. 212-218). Detective Lawson's police report is not part of this appellate record.
A defendant is required to show a particularized need for disclosure of grand jury testimony. State v. Greer (1981), 66 Ohio St.2d 139. Appellant has failed to demonstrate to us on the state of this record any particularized need for the grand jury testimony and counsel was thus not ineffective in not requesting that the trial court conduct an "in camera" inspection of the grand jury transcript. The second assignment of error is likewise overruled.
WOLFF, P.J., and YOUNG, J., concur.