**The STATE of Ohio**

v.

**ELAM.**

2004-Ohio-7328.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2003–CR–515.

Decided Sept. 8, 2004.

28

Jason Nagel, Assistant Prosecuting Attorney, for plaintiff.

John Woliver, for defendant.

---

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court pursuant to two related motions filed by defendant Tony Lee Elam on August 24, 2004. In the first motion Elam asks that Count Three, involuntary manslaughter, of his three-count indictment be dismissed. The other motion seeks disclosure of the grand jury testimony that led to his indictment. Oral argument for both motions was heard on August 31, 2004. The court has taken the matter under advisement and now renders the following decision.

{¶ 2} This case stems from an incident occurring in the early morning hours of June 20, 2003. The defendant is alleged to have stolen tools from the van of Russell Ruehlman. The state further alleges that Elam, while fleeing from the scene in his van, ran a red light and collided with a truck proceeding through the green light. The driver of the truck was killed in the collision.

{¶ 3} Defendant was indicted for grand theft, breaking and entering, and involuntary manslaughter on July 16, 2003. As to Count Three, the indictment charges that defendant "caused the death of another * * * as a proximate result

of [his] committing or attempting to commit a felony" in violation of R.C. 2903.04(A). In the bill of particulars filed on August 7, 2003, the assistant prosecutor stated that Elam, along with two others, removed tools valued in excess of $5,000 from the work van of Russell Ruehlman while trespassing on Ruehlman's property. With regard to Count Three it states that the defendant caused the death of Brian Piatt "as a proximate result of his commission of the aforementioned theft offense." Thus, at that time, the prosecution alleged that Elam's commission of grand theft was the predicate offense on which the involuntary manslaughter charge was based.

{¶ 4} On June 23, 2004, the state filed an amended bill of particulars. In it the state alleged that the defendant caused the death of Piatt as a result of his commission of receiving stolen property in addition to the original charges of theft and breaking and entering. The amended bill of particulars thus alleges an alternative theory giving rise to criminal liability under R.C. 2903.04(A). Elam has not been indicted for receiving stolen property, and apparently the state has no intention of indicting him on that charge.

{¶ 5} The defendant's first motion argues that allowing the state to proceed under the third count will violate his constitutional right to presentment or indictment by a grand jury under Section 10, Article 1 of the Ohio Constitution. He maintains that the grand jury likely was not presented with evidence of the defendant's receiving stolen property, since that allegation was not made until the amended bill of particulars was filed some 11 months after the indictment was returned. The defendant's second motion requests that the grand jury testimony be unsealed so that the defendant can review the testimony in order to determine whether the grand jury was presented with evidence supporting the charge of receiving stolen property. Elam thus depends on the court granting his motion for disclosure in order to support his motion for dismissal. The court will address the defendant's related motions together.

{¶ 6} Before a judge may permit an accused to examine and inspect grand jury transcripts, he or she must weigh competing interests. A defendant has to demonstrate that a particularized need for disclosure exists that outweighs the need for secrecy. *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, at paragraph two of the syllabus. Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists that outweighs the need for secrecy. See id. at 148, 20 O.O.3d 157, 420 N.E.2d 982, citing *State v. Laskey* (1970), 21 Ohio St.2d 187, 191, 50 O.O.2d 432, 257 N.E.2d 65. The existence of particularized need is a fact question to be determined by the trial

30

judge, and the ultimate decision rests within the sound discretion of the court. *State v. Tenbrook* (1987), 34 Ohio Misc.2d 14, 517 N.E.2d 1046.

{¶ 7} Here, the defendant contends that there exists the danger that the grand jury did not consider whether the defendant received stolen property because that allegation did not appear in the indictment or the original bill of particulars. Thus, the threshold issue is whether this danger constitutes a particularized need warranting disclosure of the grand jury transcript.

{¶ 8} R.C. 2941.14(A) states, "In an indictment for aggravated murder, murder, or voluntary or involuntary manslaughter, the manner in which, or the means by which the death was caused need not be set forth." Under this provision, an indictment for involuntary manslaughter need not set forth the underlying felony on which the charge is based. See *State v. Jones,* Cuyahoga App. No. 80737, 2002-Ohio-6045, 2002 WL 31478933. In fact, an indictment " 'may be in the words of the applicable section of the statute so long as the words of that statute charge an offense.' " *State v. O'Brien* (1987), 30 Ohio St.3d 122, 124, 30 OBR 436, 508 N.E.2d 144, quoting Crim.R. 7(B). Consequently, the indictment in this case is facially valid and raises no suspicion that the grand jury did not find probable cause to believe that the defendant "cause[d] the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." R.C. 2903.04(A).

{¶ 9} In contrast, a bill of particulars "is designed to provide the accused, upon proper demand, with greater detail concerning the nature of the offense charged and of the criminal conduct alleged to constitute the offense, and is appropriately supplied where the indictment, although legally sufficient in describing the elements of the charged offense, is so general in nature that the accused is not given a fair and reasonable opportunity to prepare his defense." *State v. Gingell* (1982), 7 Ohio App.3d at 367, 7 OBR 464, 455 N.E.2d 1066.

{¶ 10} Thus it is the bill of particulars, and not the indictment, on which a criminal defendant should rely in preparing his defense. This is especially true in prosecutions under R.C. 2941.14, in which the underlying felony need not be pled. The court concludes that the state has used the bill of particulars as it is envisioned by the Rules of Criminal Procedure, to more fully apprise the defendant of the state's theory of criminal liability. Elam does not claim that the state's amendment has prejudiced his defense or that it was filed in violation of the Rules of Criminal Procedure.[1]

---

1. Crim. R. 7(E) allows a bill of particulars to be amended at any time "subject to such conditions as justice requires," and Elam would be hard-pressed to establish prejudice, since a trial date has not yet been set in this matter.

■ {¶ 11} Elam contends that by allowing the state to change the underlying felony, the "name or identity of the crime" he is charged with has been changed. He cites *State v. Vitale* (1994), 96 Ohio App.3d 695, 645 N.E.2d 1277, a case in which the Eighth District Court of Appeals held that it was improper for the trial court to try the defendant on theft charges where the state's amended indictment alleged a course of conduct spanning a week but the original indictment covered only conduct occurring during a single day. The court found that the probability that the defendant was convicted on evidence that was never presented to' the grand jury warranted reversal of his conviction. The court so held because the original indictment alleged that the criminal act occurred in one day and in one place, but the evidence at trial showed that the conduct actually took place over the course of a week and in more than one location. The facts on which the defendant was convicted were so dissimilar to those contained in his indictment as to change the identity of the crime. Id. at 701, 645 N.E.2d 1277.

■ {¶ 12} *Vitale* differs from Elam's case in one very important respect. As mentioned, under R.C. 2941.14(A), an indictment for involuntary manslaughter need not contain an allegation of the underlying felony. The *Vitale* court needed only to compare the indictment and the record of the evidence presented at trial to conclude that the grand jury and jury had considered different conduct occurring in different places and at different times. The problem could be identified from the faces of the documents. In Elam's case, because of the operation of R.C. 2941.14(A), no such discrepancy is apparent from examination of the indictment and amended bill of particulars. Specific allegations are not required, and thus exactly what felony the grand jury had in mind cannot be known. In order to determine whether Elam will be tried under a set of facts different from those presented to the grand jury a court is left to examine the transcript and try to ascertain what the grand jury thought about the evidence presented.[2] The court is most hesitant to substitute its judgment for that of the grand jury in this way. Given that no discrepancy is apparent from the faces of the documents, the court concludes that the identity of the crime has not changed.[3]

---

**2.** What Elam really seeks is the transcript of the grand jury's deliberation, but even if he could establish a "particularized need" for it, it could not be produced. The shorthand reporter is required to leave the grand jury room when jurors begin to vote or express their opinions on the matter before them. See R.C. 2939.11; *State v. Brown* (1994), 99 Ohio App.3d 604, 651 N.E.2d 470.

**3.** The *Vitale* court stated that it presumed that the indictment meant to cover only conduct occurring on the day stated in the indictment itself. *Vitale*, 96 Ohio App.3d at 700, 645 N.E.2d 1277. Had the court examined the grand jury transcript it might well have concluded the opposite. By limiting its examination to the face of the document the court avoided having to read the minds of the grand jury members. The cases cited by the *Vitale* court also

{¶ 13} At the core of defendant's argument is that the state plans to offer multiple underlying felonies as the predicate offense to the manslaughter charge and likely will rely most heavily on a crime for which the defendant was not indicted. However, defendant has not produced, nor has the court found, any authority that prohibits offering more than one factual basis for a charge in the indictment. Indeed, as discussed above, the bill of particulars, not the indictment, serves to put a defendant on notice of the state's liability theory. Defendant has failed to point to authority holding that the state must indict on the underlying felony in order to argue that felony as the basis for a manslaughter charge. The court finds that no such prohibition exists under Ohio law. See *State v. Davis,* Clark App. No. 2002–CA–43, 2003-Ohio-4839, 2003 WL 22110297 (upholding two involuntary manslaughter convictions under R.C. 2903.04[B] where underlying misdemeanors were not charged in the indictment).

 {¶ 14} Any doubt the court has about its conclusion that the defendant cannot show a particularized need based on the amended bill of particulars and the indictment is put to rest upon in camera review of the transcript Elam seeks. The transcript reveals that ample evidence was presented to establish probable cause that Elam received stolen property. Though the court cannot know the underlying felony or felonies that the grand jury had in mind when it returned its charge of indictment, based on the evidence presented to it, it could have found probable cause for the charge of receiving stolen property.

{¶ 15} The court finds that no particularized need has been shown by Elam compelling disclosure of the grand jury transcript. Accordingly, both Elam's motion to dismiss Count Three and his motion for disclosure of the grand jury transcript are denied.

So ordered.

---

suggest comparing the *written* findings of the grand jury found in the indictment to the charges brought out at trial: " '[Section 10, Article 1 of the Ohio Constitution] guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. *Harris v. State* (1932), 125 Ohio St. 257, 264 [181 N.E. 104, 106]. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury. Id.; *State v. Wozniak* (1961), 172 Ohio St. 517, 520, 178 N.E.2d 800.' " *Vitale,* 96 Ohio App.3d at 699, 645 N.E.2d 1277.