OPINION
On August 28, 1997, the Licking County Grand Jury indicted appellant, Michael Dye, on one count of perjury in violation of R.C. 2921.11. Said charge arose from testimony appellant gave during a suppression hearing on August 15, 1997 in a case involving underage consumption.
On December 16, 1997, appellant filed a motion to present evidence of appellant's inability to recall due to injuries received in an automobile accident and for review of the grand jury transcript. A hearing was held on January 7, 1998. By judgment entry filed January 8, 1998, the trial court denied said motion.
A jury trial commenced on January 20, 1998. The jury found appellant guilty as charged. By judgment entry filed February 12, 1998, the trial court sentenced appellant to sixty days in jail and three years of community control.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO RULE ON APPELLANT'S MOTION TO ORDER APPELLEE TO AMEND THE INDICTMENT; ALTERNATIVELY, IF SUCH OMISSION EQUATES TO A DENIAL, SUCH DENIAL IS ERRONEOUS AND/OR AN ABUSE OF DISCRETION.
II
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FILED DECEMBER 16, 1997.
III
 THE WEIGHT OF THE EVIDENCE FAILS TO SUSTAIN THE GUILTY VERDICT.
IV
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY REFUSING TO INSTRUCT THE JURY ON INTOXICATION.
 I
Appellant claims the trial court erred in failing to grant his motion to amend the indictment. We disagree.
On August 28, 1997, the Licking County Grand Jury indicted appellant on one count of perjury in violation of R.C. 2921.11
wherein appellant did "knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made when either statement is material." The indictment centered on appellant's testimony during a suppression hearing on August 15, 1997. The issue at said hearing was whether appellant was given his Miranda rights during an interrogation on May 15, 1997. The indictment was based on the allegation appellant had lied at the hearing when he denied that four different police officers read him his rights.
In response to a request for a bill of particulars, appellee, the State of Ohio, filed the following response on September 9, 1997:
 The defendant is charged with one count of perjury in violation of Revised Code 2921.11. This is a felony of the third degree and carries a possible sentence of up to 5 years and a fine of up to $10,000.
 During the course of the defendant's testimony at a suppression hearing held before Judge Spahr in the Licking County Common Pleas Court on the morning of Friday, August 15, 1997, the defendant, while under oath, made one or more materially false statements. Those statements include, but are not necessary limited to the following:
 1. That he was not advised of his miranda rights by either Sgt. Hinkle or Ptl. Warnock.
 2. That he was not advised of his miranda rights by Det. Ballantine or Ptl. Vannoy.
 3. That he was not asked any questions with regard to the alleged rape of Mariah Bennett by either Ptl. Vannoy or Det. Ballantine.
 4. That he did not dictate, nor in fact was he asked to dictate, a statement to Ptl. Vannoy which Ptl. Vannoy thereafter wrote down and the defendant signed.
 In substance the defendant denied ever being advised of his miranda rights, denied ever being questioned by anyone with regard to having sex with Mariah Bennett, and denied telling the police any details with respect to having had sex with Mariah Bennett. All of these statements, while made under oath were false and therefore constitute perjury. These statements all were material to the outcome of the hearing on the motion to suppress.
 At the January 7, 1998 motion hearing, defense counsel requested the following:
 MR. STOKES: I guess maybe just one more thing while we're at it, Your Honor, the indictment, as I read it, is one count of perjury. However, the Bill of Particulars seems to have more than one count. It alleges three or four different incidents, so I guess to the extent those are in conflict, we'd ask the Court to either order an amendment of the indictment, if that's possible, or have the State choose which of those four events constitutes the offense of the indictment.
T. at 11.
Appellee responded as follows:
 MR. OSWALT: My impression of what Mr. Stokes is saying, he was indicted for a single count of perjury, and as part of the Bill of Particulars, there was a notation that there are at least three, maybe four, areas that the State alleges the defendant committed perjury, but it was all in a single hearing, all in a single period of testimony by the defendant. So I believe, although there are different lies within that same thing, it is one count of perjury. You can't have separate counts. But if the defendant wants to be charged with three separate counts or four separate counts of perjury, I'd be more than happy to help him out on that, but I don't think that's —
T. at 11.
The trial court did not rule on the motion but did not order the indictment amended.
Crim.R. 7(B) governs the nature and contents of an indictment and states in pertinent part:
 The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.
Through the indictment and bill of particulars, appellant was adequately forewarned of appellee's position. Indictments set in the alternative are not per se unlawful. State v. Bell (1996),112 Ohio App.3d 473.
Upon review, we find the indictment, coupled with the bill of particulars, sufficiently conformed to Crim.R. 7, did not charge appellant with more than one act of perjury and sufficiently noticed appellant so appellant could prepare a proper defense.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his motion to present evidence of his inability to accurately recall events and for a review of the grand jury transcript. We disagree.
The motion to present specific evidence is similar to a motion in limine. Neither motion can be used as a "sneak preview" of evidentiary rulings at trial. Any ruling by its very nature is advisory only, and is not subject to interlocutory review or appellate review unless it is preserved for the record by a proffer of the testimony at trial. The trial court did not specifically deny the presentation of the evidence, but rather found the motion and proffer at the January 7, 1998 hearing to be premature. We concur with this conclusion. In addition, appellant only assigns as error the denial of the motion to present evidence, not a denial of the evidence presented at trial.
As for the grand jury transcript, in order to be entitled to a review of such, there must be a showing of a particularized need. State v. Greer (1981), 66 Ohio St.2d 139. Upon review, we find there was no such showing sub judice. The motion was predicated on appellant's position the Grand Jury should have been informed of appellant's previous injuries from an automobile accident in June of 1996 which impaired his memory, and his intoxicated state. If given this information, appellant argues the Grand Jury may not have indicted him. This argument and reasoning does not meet the requirements necessary for grand jury disclosure.
Assignment of Error II is denied.
 III
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Four police officers testified appellant was advised of hisMiranda rights, Detective Kenneth Ballantine (T. at 57), Officer Sherry Warnock (T. at 93), Officer Steven Vannoy (T. at 114), and Sergeant Kenneth Hinkle. T. at 131. The transcript of the August 15, 1997 hearing was admitted into evidence wherein appellant had testified he was not given his Miranda rights. See, Plaintiff's Exhibit 1 at 6, 13-15.
At trial, appellant again denied he had been advised of hisMiranda rights (T. at 165), but admitted he could not recall because he was "messed up" on alcohol. T. at 171-172. We find it curious that appellant recalled all that had happened the night of his arrest for underage consumption, including the interrogation by Detective Ballantine and the breath test, but claims he was too intoxicated to remember being read his Miranda
rights.
Upon review, we find substantial credible evidence to support appellant's conviction and no manifest miscarriage of justice.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in not charging the jury on intoxication. We disagree.
A trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson
(1973), Ohio St.2d 79. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
It was appellant's defense at trial he could not accurately recall all of the events of the night of his arrest because he was intoxicated. T. at 197-199. The alleged perjury did not occur on the night of his arrest (May 16, 1997), but rather at the suppression hearing on August 15, 1997. There was no evidence appellant was intoxicated at the suppression hearing.
Upon review, we find the trial court did not abuse its discretion in refusing to instruct on intoxication as a mitigating factor on culpability. The culpability issue related to August 15, 1997, not May 16, 1997.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.