DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Ottis Owens appeals from the judgment of conviction and sentencing entered by the Summit County Court of Common Pleas following a jury trial where Owens was found guilty of rape, felonious assault and sexual battery.
 I.
On July 28, 1999, Ottis Owens invited his new girlfriend nineteen year old Tiffany Marie Jett to join him at the house of a friend who was having a party. Tiffany got off work shortly before midnight and joined Owens, Tiffany's friend Angela, and Owens' friends Jimmy and Brian at Brian's house in Norton. The group initially gathered in the basement and began drinking hard liquor. Tiffany initially refused to drink any alcohol. Owens became quite angry at Tiffany's refusal to drink, so Tiffany agreed to drink shots with the group. Soon Tiffany began to black out. At one point everyone else went upstairs, leaving Tiffany and Owens in the basement. Due to her alcohol consumption that night, Tiffany has poor recall of the events but definitely remembers that Owens forced her to have oral sex with him, and that he kicked her. Upon hearing cries from the basement, the other partygoers went downstairs and found Tiffany partially clothed and covered with bruises. They confronted Owens, who left the house holding off the others with a baseball bat.
Brian, Angela and Jimmy took Tiffany home. Later Tiffany went to the emergency room at Barberton Hospital, where a rape test was performed. Attending medical staff determined that Tiffany was beaten, had been bitten on the arm, and the rape test later showed signs of sperm.
Owens was arrested and charged with rape, sexual battery, and felonious assault. The case proceeded to a jury trial, where Owens was convicted of all three charges. The judge later merged the rape and sexual battery charges, and sentenced Owens to two consecutive five-year prison terms for the two remaining charges. Owens filed the instant appeal, assigning four errors.
 II. Assignment of Error I: THE CONVICTION OF RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.[1]
Owens challenges the weight of the evidence produced in support of the rape charge. When an appellate court reviews the weight of the evidence
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. Statev. Ali (Apr. 28, 1999), Summit App. No. 19119, unreported, at 9.
In order to obtain a conviction against Owens on the rape charge, the prosecution was obliged to prove beyond a reasonable doubt that Owens (1) compelled Tiffany to submit to sexual conduct (2) by force or threat of force. R.C. 2907.02(A)(2). "Sexual conduct" is defined as
 vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another.
R.C. 2907.01(A).
In the instant case, Owens suggests that there was no proper foundation to establish a clear chain of custody for the rape test kit. Owens argues that the evidence provided by the rape test kit "was the only evidence to indicate sexual activity on the date in question." A review of the evidence at the trial indicates that both statements are factually inaccurate.
Owens claims that the state did not establish an appropriate chain of custody for the rape test kit, which was examined by the Ohio Bureau of Criminal Investigation (BCI). However, the testimony established a proper chain of custody and the fact that the seal on the test kit and signed by the examining medical personnel and the Norton police officer remained unbroken until the kit was in the hands of the BCI examiner. The test itself did not detect any semen in the nasal cavity. The test did detect semen in the vaginal and anal areas, and the semen was less than twelve hours old, meaning the sexual conduct must have occurred on the evening of July 27, 1999.
Tiffany clearly testified that Owens forcibly compelled her to engage in oral sex with her. She could not recall whether Owens forced her to engage in any other sexual act. However, she did testify that she did not consent to any sexual activity with Owens on that night. Owens argues that because the rape test conducted by the Ohio Bureau of Criminal Investigation (BCI) did not reveal the presence of sperm in the nasal cavity, there was no evidence that Tiffany was raped on the night in question. However, Tiffany herself testified to the forced oral sex. Clearly, the jury believed Tiffany. Issues of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The mere absence of corroborating physical evidence does not negate the testimony of a witness to a crime. This court cannot conclude that the jury clearly lost its way in rendering a guilty verdict on the charge of rape.
Owens' first assignment of error is overruled.
 III. Assignment of Error IV: APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
Owens suggests that his trial counsel was so ineffective that Ownes essentially was denied counsel in violation of his constitutional rights.
To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both that counsel's performance was professionally unreasonable and that he was prejudiced by that deficient performance.State v. Radcliff (May 3, 2000), Summit App. No. 19704, unreported, at 4-5, citing Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. To establish prejudice, the defendant must demonstrate that it is reasonably probable that the professionally unreasonable performance caused him to lose what he otherwise would have won.Radcliffe, supra, at 5, citing United States v. Morrow (C.A.6 1992),977 F.2d 222, 229, certiorari denied (1993), 508 U.S. 975,125 L.Ed.2d 668.
In the instant case, Owens points to five issues that he suggests support his ineffective assistance of counsel claim. These are: (1) failure of counsel to object to the court's sentencing procedure; (2) failure to timely request grand jury testimony; (3) failure to timely renew a motion in limine at trial; (4) failure to request separation of one witness; and (5) encouraging Owens to take the witness stand, where he contradicted a defense witness who had previously testified.
As to the first allegation, Owens suggests that counsel should have objected to the imposition of "bad time" and the court's failure to advise him that he would be subject to post-release control. Because we resolve Owens' second assignment of error in his favor, see below, this part of Owens' first alleged deficiency of representation is harmless. Owens also argues that counsel should have objected to the imposition of consecutive sentences. However, he does not establish that such an objection would have resulted in a different result. On this issue, Owens' first allegation is not well-taken.
Owens' fifth allegation states that he testified in his own behalf only because his counsel encouraged him to do so. Ultimately, Owens' testimony was damaging, in particular when he denied having ever been accused of assaulting another person after consuming large quantities of alcohol. On cross-examination, the prosecution confronted Owens with the fact that charges of this nature had been filed in a pending case involving another female victim. Owens now says that his counsel urged him to testify and this advice was prejudicial to him. Owens testified that his counsel advised him to testify and that he was testifying willingly.
This court has written that, "[i]t is difficult to imagine a better example of trial strategy than a decision of whether a defendant should testify on his own behalf. This Court is not in a position to second guess defendant's trial counsel's advice on that decision." State v.Mabry (Oct. 9, 1996), Medina App. No. 2514-M, unreported, at 7. Owens has not demonstrated that defense counsel's advice that he testify was other than sound trial strategy. Owens' fifth allegation of ineffective assistance is not well-taken.
Owens' second allegation of ineffective assistance of counsel states that counsel failed to timely request a transcript of Tiffany's grand jury testimony. Owens' trial counsel requested the transcript after Tiffany's trial testimony, both direct and indirect. Owens now suggests that the trial court denied the request because it was untimely. However, the trial court denied the request on the basis that grand jury proceedings usually remain secret. The Ohio Supreme Court has held that
 1. Disclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim. R. 6(E), not by Crim. R. 16(B)(1)(g), and the release of any such testimony for use prior to or during trial is within the discretion of the trial court.
 2. Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. * * *
 3. Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony.
State v. Greer (1981), 66 Ohio St.2d 139, paragraphs one, two and three of the syllabus.
In the instant case, Owens has offered no support for the proposition that there was such a particularized need for disclosure. Furthermore, Owens has not stated how he was prejudiced by the trial court's denial of the transcript. Because Owens has not met his burden of showing prejudice on the second ineffective assistance claim, Strickland, at 687,80 L.Ed.2d at 693, we find no merit for this allegation of ineffective assistance of counsel.
The third alleged instance of ineffectiveness occurred when trial counsel failed to renew a motion in limine when the witness whose testimony counsel sought to exclude actually took the stand. Initially, defense counsel moved to exclude the testimony of a deputy sheriff on duty in the jail who would testify that Owens admitted to having sex with Tiffany. Defense counsel expressed concern that Owens' statement in the presence of the deputy was solicited in violation of Owens' Miranda
rights. See Miranda v. Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694. Owens now claims that his trial counsel was ineffective in failing to renew the motion in limine at the time the detective testified. This court disagrees.
When the prosecution called the deputy sheriff, the deputy began his testimony by outlining the circumstances of Owens' alleged statement. The deputy testified that while in the presence of the uniformed deputy and two to three inmates, Owens admitted to having consensual sex with Tiffany. The deputy testified that he did not interrogate Owens, and that Owens' statement was made in a "generalized conversation." Thus, by the time that the deputy testified it was clear that there was no valid basis to suppress the statement as obtained in violation of Owens' Miranda
rights. The deputy also testified that it was unclear whether Owens' statement that he had consensual sex with Tiffany referred to the night of the attack or to a prior occasion. Tiffany had already testified that she had engaged in consensual sex with Owens a few days prior to the attack. Thus, it is unclear how the admission of this testimony prejudiced Owens. Owens' third allegation of ineffective assistance is overruled.
Owens' fourth allegation of ineffective assistance deals with counsel's failure to insist on the separation of one witness who testified to the victim's injury after the victim had already testified to her injuries. Again, Owens does not argue how he was prejudiced, and we overrule this claim pursuant to App.R. 12(A)(2).
Having found no merit in any of the allegations of ineffective assistance, we overrule Owens' fourth assignment of error.
 IV. Assignment of Error III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT. THIS MOTION IS A MOTION FOR LEAVE TO APPEAL UNDER R.C. 2953.08(C) AND APP.R. 5(C)(2).
R.C. 2953.08(C) provides:
 In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.
Owens suggests that this court should grant leave to appeal the two consecutive sentences of five years because the total of ten years exceeds the maximum prison term allowed for the most serious offense. Owens suggests that the maximum term for the more serious charge of rape is nine years.[2] However, rape is a first-degree felony. R.C.2907.02(B). R.C. 2929.14(A)(1) provides "for a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years." The maximum term for a conviction of rape alone would be ten years, which does not exceed the term imposed by the court with the consecutive five-year sentences. Thus, Owens' request for leave to appeal the consecutive sentences is denied because "the allegation included as the basis of the motion" is not accurate.
Owens also asserts that the trial court did not make the statutory findings necessary before a trial court may impose consecutive sentences on a defendant. See R.C. 2929.14(E)(3) and State v. Edmonson (1999)86 Ohio St.3d 324. However, in its journal entry of conviction and sentencing, the trial court made the requisite statutory findings that consecutive sentences were necessary to protect the public and punish Owens, that consecutive sentences were not disproportionate to Owens' conduct and to the danger he poses to the public, and that the harm was so great that a single sentence would not adequately reflect the seriousness of the conduct. This was sufficient to meet the requirements of R.C. 2929.14(E)(3) that the court make certain findings before imposing consecutive sentences.
Owens' fourth assignment of error is overruled.
 IV. Assignment of Error II: THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT COMPLYING WITH R.C. 2929.19(B)(3) CONCERNING POST RELEASE CONTROL AND BAD TIME ENHANCEMENTS.
The state has conceded that appellant correctly asserts that the trial court erred by not advising him at the sentencing hearing that he would be subject to post-release control. The Supreme Court of Ohio recently ruled on this issue and determined that, "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus. It is undisputed that in the instant case, the trial court did not advise appellant at the sentencing hearing that he would be subject to post-release control.
The state also conceded that in State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, the Supreme Court of Ohio held that the "bad time" provision of R.C. 2967.11 "violates the constitutional doctrine of separation of powers." Id., at the syllabus.
The trial court was without authority to order appellant to be subject to a calculation of "bad time" pursuant to R.C. 2967.11 and the trial court did not advise appellant at the sentencing hearing that he would be subject to post-release control. Consequently, appellant's second assignment of error is well-taken, and the cause is remanded for re-sentencing to address these errors.
 V.
We have affirmed the conviction as supported by the weight of the evidence and we have overruled Owens' allegations of ineffective assistance of counsel. We have also denied Owens the opportunity to appeal the imposition of consecutive sentences pursuant to R.C. 2953.08(C). Because we have sustained Owens' second assignment of error in regard to the bad time and the post-release control issues, we reverse and remand the cause for re-sentencing in accord with our resolution of these issues. We also order the trial court to enter a new judgment of conviction and sentencing to reflect the fact that the conviction resulted from a jury trial, not a guilty plea.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
CARR, J. CONCURS
[1] The trial court erroneously stated in its judgment entry of conviction and sentencing that Owens "plead GUILTY" to the three charges. In fact, this conviction followed a jury trial.
[2] Owens was also convicted of felonious assault, a felony of the second degree. R.C. 2903.11(A)(1) and (D). It is punishable by a term of up to eight years. See R.C. 2929.14(A)(2).