[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendant-appellant Belinda Euliss appeals from her conviction for assault, in violation of R.C. 2903.13, after a bench trial in the Hamilton County Municipal Court. On December 17, 2001, at approximately 3:00 a.m., Euliss and her son, Jeremy Pelphrey, went to a Delhi Township party intent on confronting claims of sexual promiscuity lodged against Pelphrey by Brian Walters, the host of the party. A melee ensued. Euliss stormed from her vehicle yelling and screaming. The state offered evidence that Euliss grabbed the hair of Ryan Coyne, a female guest, and punched her in the face or head. The two fell to the ground. Coyne gained the upper hand in the struggle until Pelphrey threw sulfuric acid on the women, severely burning them and others.
{¶ 3} In her first assignment of error, initially Euliss challenges the weight of the evidence adduced at trial to support her conviction. Our review of the record, including defense exhibits one through thirty, fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
{¶ 4} The state is incorrect when it maintains that in reviewing a weight-of-the-evidence assignment of error this court "must accept all issues regarding the weight and credibility of the witnesses as being resolved in favor of the state," see Appellee's Brief at 8. The long-established rule is that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; cf. State v. Bridgeman (1978),55 Ohio St.2d 261, 263, 381 N.E.2d 184 (an appellate court construes the evidence in a light most favorable to the state in reviewing a motion forjudgment of acquittal).
{¶ 5} The trial court, in weighing the evidence, was entitled to reject Euliss's contentions that the relative absence of physical injuries sustained by Coyne indicated that Coyne must have been the aggressor. Euliss testified in her defense and highlighted conflicts in the testimony of the witnesses, including the state's assertion that she had initiated the fight. In resolving conflicts in the testimony, the trial court could properly have found that Euliss had instigated the attack on Coyne and had knowingly caused her physical harm. The trial court did not clearly lose its way and create a manifest miscarriage of justice.
{¶ 6} Euliss also challenges the legal sufficiency of the evidence. The record reflects substantial, credible evidence from which the trial court could have reasonably concluded that the state had proved all elements of the charged crime beyond a reasonable doubt, including evidence that Euliss knowingly caused physical harm to Coyne. See Statev. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. Therefore, the first assignment of error is overruled.
{¶ 7} Euliss's second assignment, in which she claims that the common pleas court erred in denying her request for the release of Coyne's grand jury testimony for use in the municipal court, is overruled. Following an in camera inspection, the common pleas court held, in an October 10, 2001, entry in case number M-010713, that there was no inconsistency between the grand jury and trial testimony and thus no particularized need to disclose the testimony. See Crim.R. 6(E).
{¶ 8} The determination of particularized need for disclosure, consigned to the sound discretion of the common pleas court, see Statev. Greer (1981), 62 Ohio St.2d 139, 420 N.E.2d 982, paragraph one of the syllabus, cannot be disturbed by this court. Euliss has not made the documents reviewed by the common pleas court in case number M-010713 part of the record available for review in this appeal. Because the appellant bears the burden of showing error by reference to matters in the record, when portions of the record necessary for resolution of an assigned error are omitted from the record, a reviewing court has no choice but to presume the validity of the lower court's proceedings and to affirm. See App.R. 9 and 10(A); see, also, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384; State ex rel. Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202, 203-204, 648 N.E.2d 821.
{¶ 9} Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.