[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Robert York appeals from his conviction for intimidating a witness in a pending criminal prosecution against him, in violation of R.C. 2921.04(B). On November 14, 2000, after learning that Richard Beatty, a co-defendant in a separate breaking-and-entering prosecution, had agreed to cooperate with the state, York wrote a twenty-page letter to Beatty and threatened physical harm if he testified against York. The jury returned a verdict of guilty, and the trial court sentenced York to a four-year prison term. In three assignments of error, York contests the admission of other-acts evidence, comments made by the prosecutor in closing argument, and the weight and sufficiency of the evidence.
In his first assignment of error, York asserts that, at his trial for intimidation, the trial court erred by permitting the state to introduce "too much detail about" the breaking-and-entering offense. Although Evid.R. 404(B) prohibits the admission of a person's prior crimes, wrongs or acts to prove the character of the person, such evidence may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The state persists in asserting, in reliance on State v. Greer (1981),66 Ohio St.2d 139, 420 N.E.2d 982, that a criminal defendant "place[s] his motive and intent at issue by entering a plea of not guilty." As we held in State v. Griffin (2001), 142 Ohio App.3d 65, 72, 753 N.E.2d 967, "This is an incorrect statement of the law and a misreading of Greer. A plea of not guilty does not automatically place at issue any of the factors necessary to allow for the admissibility of other-acts evidence." The other acts offered as probative of a matter identified in Evid.R. 404(B) "must themselves be temporally and circumstantially connected to the operative facts of the offense alleged." State v. Griffin,142 Ohio App.3d at 72, 753 N.E.2d 967 (citations omitted).
In this case, the contested evidence was probative of York's motive for intimidating Beatty to alter his testimony in the breaking-and-entering prosecution. It was temporally and circumstantially connected to the facts of the intimidation case. The evidence was, therefore, admissible pursuant to Evid.R. 404(B). The first assignment of error is overruled.
York next contends that in closing argument the prosecutor made improper remarks to the jury regarding the investigation of the offense and whether York knew or should have known that Beatty was to testify. The test for whether prosecutorial misconduct mandates reversal is whether remarks or actions were improper, and, if so, whether they prejudicially affected the substantial rights of the accused. See Statev. Bey, 85 Ohio St.3d 487, 493, 1999-Ohio-283, 709 N.E.2d 484. On this record, we are not persuaded that the statements of the prosecutor were improper. There is nothing to reflect that any statements by the prosecutor unfairly misstated the evidence properly adduced at trial. Therefore, the second assignment of error is overruled.
In his third assignment of error, York challenges the weight and the sufficiency of the evidence adduced at trial to support his conviction. Our review of the record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
The jury was entitled to reject York's theory that he did not know that Beatty was to be a witness in his breaking-and-entering prosecution when he wrote the letter, and that, in the letter, he had sought only to convince Beatty to tell the truth. York highlighted conflicts in the testimony of the witnesses, including the assertion by the assistant prosecutor in the breaking-and-entering case that on November 8, 2000, she had orally informed York's counsel that Beatty was to be a witness. Contrary to the state's assertion, this conflicting evidence is not to "be viewed in the light most favorable to the State." Rather, the weight to be given the evidence and the credibility of the witnesses was primarily for the trier of fact to determine. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The jury, in resolving conflicts in the testimony, could properly have found York guilty of intimidation of a criminal witness.
The record reflects substantial, credible evidence from which the jury could have reasonably concluded that the state had proved all elements of the charged crime beyond a reasonable doubt, including evidence that York knowingly sought to influence Beatty's testimony in his criminal prosecution by threat of force. See State v. Waddy (1991),63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338.
Moroever, the trial court properly denied York's motion for a judgment of acquittal, when reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proven beyond a reasonable doubt. See Crim.R. 29; see, also, State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.