OPINION
{¶ 1} On April 30, 2004, the Licking County Grand Jury indicted appellant, John Church, on nineteen counts of rape in violation of R.C.2907.02, one count of gross sexual imposition in violation of R.C. 2907.05
and seven counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Said charges arose from incidents involving appellant's daughter and four of her friends, age nine to fourteen.
 {¶ 2} A jury trial commenced on September 21, 2004. The jury found appellant guilty as charged. By judgment entry filed October 27, 2004, the trial court sentenced appellant to an aggregate term of fifty-nine years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred by allowing evidence of `other acts' into the record, denying Mr. Church due process of law."
 II {¶ 5} "The trial court committed error when it overruled the Appellant's motion for grand jury testimony."
 III {¶ 6} "The trial court committed error when it overruled Appellant's motion for deposition of plaintiffs."
 IV {¶ 7} "Appellant was denied the effective assistance of counsel."
 V {¶ 8} "The cumulative effect of the errors during trial deprived Mr. Church of a fair trial."
 I {¶ 9} Appellant claims the trial court erred in admitting "other acts" evidence. We disagree.
 {¶ 10} The admittance or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 11} Evid.R. 404(B) governs the admissibility of other crimes, wrongs or acts and states the following:
 {¶ 12} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 13} Appellant argues the trial court erred in permitting testimony concerning the giving of money, alcohol and cigarettes/marijuana to the victims in exchange for sex, the discovery of marijuana seeds, vegetation and devices used for tobacco and marijuana in appellant's residence, the finding of digital scales in appellant's bedroom and the mention of pornographic magazines in appellant's truck. T. at 187, 432-435, 439. Appellant also complains of the admission of an exhibit consisting of pornographic magazines. State's Exhibit 6. Appellant argues these references were inadmissible and did not go to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absences of mistake on accident."
 {¶ 14} The first issue is whether these references were admissible pursuant to Evid.R. 104(A) and Evid.R. 401 which state the following, respectively:
 {¶ 15} "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
 {¶ 16} "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 17} The admission of relevant evidence is balanced against the issue of undue prejudice: "Although relevant, evidence is not admissible if its probative value is of misleading the jury." Evid.R. 403(A).
 {¶ 18} We find the complained of evidence basically qualifies as admissible and relevant evidence because the cited items were a part of the environment wherein the offenses occurred and corroborated the direct evidence given by the victims. T. at 116-117, 130-132, 141, 187, 210-214, 223, 281-283, 360-362.
 {¶ 19} The victims testified appellant induced them to have sex by giving them money, alcohol and cigarettes/marijuana as incentives. Many of the incidents occurred in appellant's truck and any items seized would have a bearing on the proof of the offenses charged.
 {¶ 20} Upon review, we find the trial court did not err in permitting the complained of evidence in light of the victims' prior testimony.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in denying him copies of the victims' grand jury testimony. We disagree.
 {¶ 23} Crim.R. 6(E) provides that a trial court may permit the disclosure of grand jury testimony "at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Crim.R. 16(B)(1)(a) provides for the discovery of grand jury testimony involving the defendant's own testimony or that of a co-defendant. Any other disclosure of grand jury testimony by the trial court is governed by a determination of "particularized need." State v. Greer (1981), 66 Ohio St.2d 139. TheGreer court at paragraph three of the syllabus held a "particularized need" "is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." The need to review a witness's testimony for impeachment purposes is dictated by Crim.R. 6(E) and a showing of a particularized need. Greer at 150.
 {¶ 24} In the case sub judice, the trial court transcribed the grand jury testimony of the witnesses under seal in the event an in camera inspection was warranted to determine if a particularized need existed; however, appellant did not show a particularized need. July 15, 2004 T. at 7. Appellant merely argues the particularized need was "that the victims were, arguably, lawbreakers themselves. * * * At a minimum, their credibility was called into question due to them receiving illegal items as `payment' for sexual favors." Appellant's Brief at 7. There is no allegation of inconsistent testimony.
 {¶ 25} Upon review, we find the trial court did not err in denying appellant's request for the grand jury testimony.
 {¶ 26} Assignment of Error II is denied.
 III {¶ 27} Appellant claims the trial court erred in denying him the right to depose the victims prior to trial. We disagree.
 {¶ 28} Crim.R. 15(A) provides for the taking of depositions of witnesses as follows:
 {¶ 29} "If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment, information, or complaint shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place."
 {¶ 30} Appellant filed a motion to depose the victims because they would not talk to defense counsel and his motion to appoint a private investigator to elicit information from the victims had been denied. We fail to see how a private investigator would have been any more successful in getting the witnesses to talk.
 {¶ 31} As noted during the September 17, 2004 motions hearing, all five victims were expected to appear and testify therefore, Crim.R. 15(A) was not met. September 17, 2004 T. at 10. In addition, as the trial court pointed out, "there has been a very full and complete disclosure of witness' statements." Id. at 11.
 {¶ 32} Upon review, we find the trial court did not err in denying appellant's request to depose the victims.
 {¶ 33} Assignment of Error III is denied.
 IV {¶ 34} Appellant claims he was denied the effective assistance of trial counsel. Specifically, appellant claims his trial counsel lacked any trial strategy and instead of attacking the victims' credibility for taking money, alcohol and cigarettes/marijuana from appellant, counsel attacked the lack of specific dates. We disagree.
 {¶ 35} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 36} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 37} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 38} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380, 388.
 {¶ 39} We disagree with appellant's characterization of defense counsel's strategy. In opening statement, defense counsel emphasized the credibility of the five victims was an issue. T. at 95-96. In closing argument, defense counsel did emphasize the vagueness of the victims' recall of the dates, but he also pointed out inconsistencies between the victims' versions, the cramped quarters of the truck wherein some of the incidents were said to have occurred and the lack of corroborating evidence. T. at 613-614, 616. Unfortunately, defense counsel had to deal with appellant's tape recorded telephone conversations from jail which appeared incriminating. T. at 614-616.
 {¶ 40} Although the majority of defense counsel's cross-examination of the victims emphasized the lack of specificity as to dates and places, defense counsel did cross-examine the victims on the smoking of marijuana and the drinking of alcohol. T. at 246, 338-339. Although this was trial strategy and appellant now argues it was the wrong strategy, we cannot find it was reversible error. As previously noted, defense counsel had to deal with appellant's own incriminating words. Further, to reemphasize the sexual abuse of these victims and question their role in the incidents via a full out attack on the victims when they were between nine and fourteen years of age might very well have been a coffin nail to appellant's defense.
 {¶ 41} Upon review, we find no ineffective assistance of trial counsel.
 {¶ 42} Assignment of Error IV is denied.
 V {¶ 43} Appellant claims his conviction should be reversed based on cumulative errors. Having found no error in the assignments of error supra, this assignment of error is denied.
 {¶ 44} Assignment of Error V is denied.
 {¶ 45} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.